IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:23-cv-1093

BLAKE A. MCCLAIN, )
 )
      Plaintiff, )
 ) **COMPLAINT**
v. )
 )
THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA and )
PRUDENTIAL INSURANCE )
COMPANY OF AMERICA, d/b/a )
THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA, )
 )
      Defendant. )
_____

The Plaintiff, Blake A. McClain, does hereby state the following:

### Action

1. This is an action for declaratory, compensatory, and injunctive relief based on the Plaintiff's rights to long term disability income benefits arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (hereinafter "ERISA"), and more particularly 29 U.S.C. § 1132(a)(1)(B). The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1132(e).

### Parties

2. The Plaintiff, Blake A. McClain, is a resident of Forsyth County, North

1

Carolina. At the onset of the Plaintiff's disability, Plaintiff was an "employee" of Tesla Inc., (hereinafter "Tesla"), within the meaning of 29 U.S.C. § 1002(6).

3. Defendant "The Prudential Insurance Company of America" corresponded with the Plaintiff and, upon information and belief, issued the applicable long term disability policy described below.

4. Upon information and belief, Defendant "Prudential Insurance Company of America" is registered with the North Carolina Department of Insurance and is operating or doing business in North Carolina as "The Prudential Insurance Company of America".

5. Upon information and belief, Defendants (collectively referred to hereinafter as "Prudential") constitute one or more corporations or companies licensed to transact business in North Carolina. Upon information and belief, Prudential is generally engaged in the insurance business. As more specifically described below, at all times pertinent to this action, Prudential insured the Plan which provided long term disability income coverage to the Plaintiff as well as other employees of Tesla. Upon information and belief, Prudential had discretionary authority to administer claims brought under the Plan and was assisted in this process by its agents, affiliates, or subsidiaries including, but not limited to Disability Management Services. Accordingly, Prudential is a "fiduciary" of the Plan within the meaning and definition of 29 U.S.C. § 1002(21).

## The Plan

6. Defendant Prudential entered into an agreement with Tesla to provide group long term disability income coverage to its employees. This agreement was formalized in a policy that was issued to Tesla under Group Contract No. G-51526-CA. The policy and Plan constitute an "employee welfare benefit plan," as defined by 29 U.S.C. § 1002(1).

7. The Plan, as contained in the written policy identified above, provides that any employee who is disabled due to sickness or injury is, after an "elimination period", entitled to a percentage of his or her basic monthly earnings each month during the period of disability for the "maximum duration of benefits".

8. During her employment with Tesla the Plaintiff participated in the Plan and was, at the time her disability began, a fully vested member of the Plan. Accordingly, Plaintiff was a "participant" of the Plan within the meaning and definition of 29 U.S.C. § 1002(7).

## Facts

9. The Plaintiff is presently 34 years of age.

10. The Plaintiff worked at Tesla continuously and was working as a Customer Service Supervisor when she was forced to stop working on or about June 19, 2018, because of pain and other limitations associated with, among other things, bilateral knee osteoarthritis.

11. The Plaintiff applied for long term disability benefits through Defendant and

the application was approved with benefits beginning on December 18, 2018.

12. In a letter dated November 9, 2020, Defendant notified the Plaintiff that her benefits were being terminated December 18, 2020, because she was able to perform "any occupation."

13. In a letter dated April 14, 2021, the Plaintiff appealed Defendant's decision to terminate her long term disability benefits.

14. In a letter dated October 5, 2021, Defendant notified the Plaintiff that her appeal had been denied.

15. In a letter dated November 14, 2022, the Plaintiff submitted a second appeal of Defendant's decision to terminate her long term disability benefits. With the appeal, the Plaintiff provided the Defendant with the following evidence establishing her entitlement to long term disability benefits:

- Medical source statement dated June 10, 2022, from Plaintiff's physician's assistant, Christina Saldanha.

- Medical source statement dated October 21, 2022, from Plaintiff's physician's assistant, Christina Saldanha.

- Rehabilitation/Vocational Opinion from Certified Rehabilitation Counselor Michael A. Fryar dated November 11, 2022. According to Mr. Fryar, Plaintiff would not be able to perform the occupations identified by Defendant in light of the medical opinions from Ms. Saldanha, Dr. Zack, and Dr. Emad. In particular, Mr. Fryar opined that Plaintiff would not be able to perform the occupations identified by Defendant in light of the valid findings from the functional capacity evaluation performed on March 11, 2021.

- Medical records from Novant Health Family Medicine.

4

- Medical records from Wake Forest Baptist Medical Center Rheumatology Department.

16. In response to medical and/or vocational opinions generated by the Defendant during the appeal review process, Plaintiff submitted additional vocational opinions from Certified Rehabilitation Counselor Michael Fryar dated December 16, 2022, and January 11, 2023, further establishing her entitlement to long term disability benefits.

17. In a letter dated January 20, 2023, Defendant notified the Plaintiff that her appeal had been denied and that the decision was final.

18. The Plaintiff has exhausted all administrative review procedures provided by the Plan.

## Claims for Relief

19. Plaintiff hereby incorporates the foregoing paragraphs as if they were fully set forth herein.

20. As stated above, the medical and other evidence shows that the Plaintiff has been totally disabled from any occupation since December 18, 2020. Accordingly, the Plaintiff is entitled to long term disability income benefits through the maximum duration of the Plan.

21. The Defendant's decision to terminate the Plaintiff's benefits and to deny her appeals were not reasonable.

22. The Defendant's denial of long term disability benefits to the Plaintiff is a breach of the Plan and the terms of ERISA pursuant to 29 U.S.C. § 1001 et. seq.

23. As a direct and proximate result of the Defendant's breach of the Plan and violation of ERISA, Plaintiff has sustained losses, including the loss of benefits for her long term disability for which she is entitled to reimbursement.

24. Based on the Defendants' decision to terminate the Plaintiff's benefits and to deny her appeals, the Plaintiff is entitled to declaratory and injunctive relief establishing her entitlement to future disability benefits and requiring Defendant to make such payments on a monthly basis through the maximum benefit period of the Plan.

25. The Plaintiff is entitled to recover her attorney's fees for her representation herein pursuant to 29 U.S.C. § 1132(g).

## Prayer for Relief

WHEREFORE, Plaintiff requests the following relief:

(1) That this Court issue a declaratory judgment that Plaintiff is entitled to long term disability income benefits under the Plan through the maximum benefit period as defined by the Plan;

(2) That Plaintiff recover from Defendant all benefits to which she is entitled under the Plan;

(3) That Plaintiff recover pre-judgment and post-judgment interest on all amounts recovered herein;

(4) That Plaintiff recover the costs of this action, including reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g); and

(5) That this Court award such other and further relief as it deems just and proper.

This the 14th day of December, 2023.

> /s/ John K. Koontz
> John K. Koontz
> NC State Bar No.: 22156
> Attorney for Plaintiff
> Daggett Shuler, Attorneys at Law
> 2140 Country Club Road
> Winston-Salem, NC 27104
> Telephone No. (336) 724-1234
> E-mail: jkoontz@daggettshulerlaw.com